1  GLENN L. BRIGGS (SBN 174497)
   Email: gbriggs@kadingbriggs.com
2  THERESA A. KADING (SBN 211469)
   Email: tkading@kadingbriggs.com
3  CARMINE J. PEARL, II (SBN 217389)
   Email: cjpearl@kadingbriggs.com
4  KADING BRIGGS LLP
   100 Spectrum Center Drive, Suite 800
5  Irvine, California 92618
   Telephone: (949) 450-8040
6  Facsimile: (949) 450-8033

7  Attorneys for Defendant
   WELLS FARGO BANK, N.A.

8

9

10              UNITED STATES DISTRICT COURT FOR THE

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13

| | |
|---|---|
| 14  JENNIFER RIVERA, on behalf of herself, all others similarly situated, | CASE NO. _____ |
| 15 | |
| 16              Plaintiff, | [San Francisco Superior Court Case No. CGC-17-562174] |
| 17     vs. | **WELLS FARGO BANK, N.A.'S** |
| 18  WELLS FARGO BANK, NATIONAL ASSOCIATION, a National Banking | **NOTICE OF REMOVAL OF THE CIVIL ACTION TO THE UNITED** |
| 19  Association; and DOES 1-100, inclusive, | **STATES DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1331 (FEDERAL** |
| 20              Defendants. | **QUESTION), 1367(a), AND 1441(a), (c)** |
| 21 | |
| 22 | |

23

24

25

26

27

28

394598

1

# **TABLE OF CONTENTS**

2
**PAGE NO.**

3   THIS COURT HAS ORIGINAL JURISDICTION BECAUSE
PLAINTIFF HAS BROUGHT FEDERAL CLAIMS ARISING UNDER
4   THE FAIR CREDIT REPORTING ACT ........................................................................ 2

5

6   PROCESS, PLEADINGS AND ORDERS ..................................................................... 3

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**PAGE NO.**

## FEDERAL CASES

*Broom v. TRW Credit Data,*
    723 F. Supp. 66 (E.D. Mich. 1990) ............................................................... 3

*Exxon Mobil Corp. v. Allapatch Servs., Inc.,*
    545 U.S. 546 (2005)....................................................................................... 2

*Haun v. Retail Credit Co.,*
    420 F. Supp. 859 (W.D. Pa. 1976)................................................................. 3

*Sequeira v. Alameda County*, No. C 06-01413 MEJ, 2008 WL 5179108
    (N.D. Cal. Dec. 10, 2008)............................................................................. 3

*Sodano v. Chase Bank USA, N.A.*, 2012 WL 1552796
    (E.D. Cal. 2012)............................................................................................ 3

*United Mine Workers v. Gibbs,*
    383 U.S. 714 (1966) ...................................................................................... 3

## OTHER AUTHORITIES

15 U.S.C. Sections 1681-1681x ............................................................................ 2

28 U.S.C. Section 1331 ............................................................................... 2, 3, 4

28 U.S.C. Section 1367(a).............................................................................. 3, 4

28 U.S.C. Section 1441 (a) ..................................................................... 1, 2, 3, 4

28 U.S.C. Section 1441(c).......................................................................... 1, 2, 3, 4

28 U.S.C. Section 1446(b) .................................................................................. 1

Business and Professions Code Section 17200 ................................................... 3

California Code of Civil Procedure Section 415.10............................................ 1

394598

ii

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND PLAINTIFF:

PLEASE TAKE NOTICE THAT, based on the following allegations, defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") hereby removes to this court the state court action described below.

1.      On October 27, 2017, plaintiff Jennifer Rivera ("Plaintiff") commenced an action in the Superior Court of the State of California in and for the County of San Francisco, entitled *Jennifer Rivera v. Wells Fargo Bank, N.A.,* case number CGC-17-562174 ("the Action").  The Complaint alleges violation of the Fair Credit Reporting Act (sections 1681b(b)(2)(A), 1681d(a)(1), and 1681g(c)) and the California Business and Professions Code (section 17200, et seq.).  The Summons and Complaint and Civil Case Cover Sheet are attached hereto as Exhibits "A," and "B," respectively.

2.      Plaintiff served the Summons and Complaint on Wells Fargo on November 3, 2017.  The Proof of Service of Summons is attached hereto as Exhibit "C".

3.      This Notice of Removal is filed within 30 days from the date upon which service of the Complaint on Wells Fargo became effective, which is within the time provided by law.  Cal. Civ. Proc. Code § 415.10; 28 U.S.C. § 1446(b).

4.      Defendant wishes to exercise its right under the provisions of 28 U.S.C. Section 1441 (a) and (c) to remove this action from the San Francisco County Superior Court on the grounds of federal question.  Defendant removes this Action to the United States District Court, Northern District of California, because

394598

1

1    Plaintiff originally filed the Action in the San Francisco County Superior Court.

2

3        5.      This is a civil action over which this Court has original jurisdiction

4    under 28 U.S.C. Section 1331 because Plaintiff's claims arise under the Fair Credit

5    Reporting Act, 15 U.S.C. Sections 1681-1681x.  Accordingly, Defendant may

6    remove this Action pursuant to 28 U.S.C. Sections 1331 and 1441(a) and (c)

7    because it arises under "laws of the United States."

8

9    **THIS COURT HAS ORIGINAL JURISDICTION BECAUSE PLAINTIFF**

10   **HAS BROUGHT FEDERAL CLAIMS ARISING UNDER THE FAIR**

11   **CREDIT REPORTING ACT**

12

13       6.      A civil action is removable to federal court if it might have been

14   brought originally in federal court. *See* 28 U.S.C. Section 1441(a); *see also Exxon*

15   *Mobil Corp. v. Allapatch Servs., Inc.,* 545 U.S. 546, 563-64 (2005) (a "district

16   court had original jurisdiction of a civil action for purposes of section 1441(a) as

17   long as it has original jurisdiction over a subset of claims constituting the action").

18

19       7.      Plaintiff's Complaint may be removed on the basis of federal question

20   jurisdiction because Plaintiff's claims arise under the Fair Credit Reporting Act, 15

21   U.S.C. Sections 1681-1681x.  *See*  28 U.S.C. Sections 1331 and 1441(a) and (c).

22

23       8.      Plaintiff has unequivocally alleged Fair Credit Reporting Act

24   violations in her Complaint, specifically the first and second causes of action. *See*

25   Exhibit "A".

26

27       9.      District Courts throughout the country have held that removal to

28   federal court is proper when a plaintiff's claim arises under the Fair Credit

394598

2

1   Reporting Act. *See, e.g., Sodano v. Chase Bank USA, N.A.*, 2012 WL 1552796

2   (E.D. Cal. 2012); *Broom v. TRW Credit Data*, 723 F. Supp. 66, 68 (E.D. Mich.

3   1990); *Haun v. Retail Credit Co.,* 420 F. Supp. 859 (W.D. Pa. 1976);

4

5         10.    Accordingly, because Plaintiff has invoked a federal statute that

6   requires interpretation of federal law, this Court has federal question jurisdiction

7   under 28 U.S.C. Section 1331, and removal is proper under 28 U.S.C. Section

8   1441(a) and (c). *See also Sequeira v. Alameda County*, No. C 06-01413 MEJ, 2008

9   WL 5179108, at \*4 (N.D. Cal. Dec. 10, 2008) (confirming that the federal court had

10   jurisdiction over the action brought under federal law pursuant to Section 1331).

11

12         11.    This Court also has supplemental jurisdiction over the remaining state

13   law claim in Plaintiff's Complaint - the Business and Professions Code (section

14   17200) claim - as they share a common nucleus of operative facts with Plaintiff's

15   federal claims.  28 U.S.C. § 1367(a).  Convenience, judicial economy, and fairness

16   to the parties require that all of Plaintiff's claims be litigated together in a single

17   forum. *United Mine Workers v. Gibbs,* 383 U.S. 714, 726-727 (1966).  These

18   supplemental claims are, therefore, removable under 28 U.S.C. Section 1441(c).

19

20   **PROCESS, PLEADINGS AND ORDERS**

21

22         12.    Attached hereto as Exhibit "A" is a copy of the Summons and

23   Complaint, filed with the Superior Court of the State of California in and for the

24   County of San Francisco ("Superior Court") on October 27, 2017.

25

26         13.    Attached hereto as Exhibit "B" is a copy of the Civil Case Coversheet

27   filed with the Superior Court on October 27, 2017.

28

14. Attached hereto as Exhibit "C" is a copy of the Proof of Service of Summons on November 3, 2017 filed with the Superior Court on November 6, 2017.

15. Attached hereto as Exhibit "D" is a copy of the San Francisco Superior Court's Notice to Plaintiff of a Case Management Conference set for March 28, 2017.

16. Attached hereto as Exhibit "E" is a copy of Plaintiff's Application for Approval; of Complex Litigation, dated October 27, 2017.

17. Attached hereto as Exhibit "F" is a copy of Defendant's Answer to Plaintiff's Complaint filed and served on November 30, 2017. Attached hereto as Exhibit "G" is a copy of Defendant's Amended Answer to Plaintiff's Complaint was filed and served on December 1, 2017.

18. Defendant is informed and believes that Exhibits "A" through "G" constitute all process, pleadings and/or orders filed and received by Wells Fargo in this action.

19. On this or no later than the next business day, notice of this removal is being given to both Plaintiff and to the Clerk of the San Francisco County Superior Court. True and correct copies of these notices are attached hereto as Exhibits "H" and "I," respectively. The proof of service of the Notice to Adverse Party of Removal will be filed with this Court immediately after the Notice is served on Plaintiff and the Superior Court filing is accomplished.

WHEREFORE, pursuant to the provisions of Title 28, Sections 1331,

394598

4

1   1367(a), and 1441(a), (c) of the United States Code, Defendant removes the above

2   action from the Superior Court of the State of California for the County of San

3   Francisco to this Court – the United States District Court for the Northern District

4   of California.

5

6   DATED: December 1, 2017        KADING BRIGGS LLP
                                    GLENN L. BRIGGS
7                                   THERESA A. KADING
                                    CARMINE J. PEARL, II
8

9                                   By:   */s/ Carmine J. Pearl, II*
                                           _____
10                                              CARMINE J. PEARL, II

11                                  Attorneys for Defendant
                                    WELLS FARGO BANK, N.A.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

394598

NOTICE OF REMOVAL

EXHIBIT "A"

# EXHIBIT "A"



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Oct-27-2017 12:41 pm

Case Number: CGC-17-562174

Filing Date: Oct-27-2017 12:39

Filed by:  KALENE APOLONIO

Image: 06082851

COMPLAINT

JENNIFER RIVERA VS. WELLS FARGO BANK, NATIONAL ASSOCIATION ET AL

001C06082851

**Instructions:**
Please place this sheet on top of the document to be scanned.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>WELLS FARGO BANK, NATIONAL ASSOCIATION, a National<br>Banking Association; and DOES 1 through 100, inclusive, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JENNIFER RIVERA, on behalf of herself, all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Civic Center Courthouse<br>400 McAllister Street<br>San Francisco, California 94102 | CASE NUMBER:<br>*(Número del Caso):* **CGC-17-562174** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9454 Wilshire Boulevard, Suite 907, Beverly Hills, California 90212, (310) 888-7771

| DATE: **OCT 27 2017** | CLERK OF THE COURT, by | *KALENE APOLONIO* | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | KALENE APOLONIO | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**BY FAX**
ONE LEGAL LLC

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
     thomas@setarehlaw.com
3  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
   JENNIFER RIVERA

7

**FILED**

San Francisco County Superior Court

OCT 2 7 2017

CLERK OF THE COURT

BY: _____
                    Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN FRANCISCO

10

11

12  JENNIFER RIVERA, on behalf of herself, all
    others similarly situated,

13          Plaintiff,

14      vs.

15  WELLS FARGO BANK, NATIONAL
    ASSOCIATION, a National Banking
16  Association; and DOES 1 through 100,
    inclusive,

17

18          Defendants.

19

Case No.  **CGC - 17 - 562174**

**CLASS ACTION**

**COMPLAINT FOR:**

1.  Violation of 15 U.S.C. §§ 1681b(b)(2)(A)
    (Fair Credit Reporting Act);
2.  Violation of 15 U.S.C. §§ 1681d(a)(1) and
    1681g(c) (Fair Credit Reporting Act);
3.  Unfair Competition (Bus. & Prof. Code §§
    17200, *et seq.*);

**JURY TRIAL DEMANDED**

20

21

22

23

24

25

26

27

28

**BY FAX**
ONE LEGAL LLC

CLASS ACTION COMPLAINT

1    COMES NOW, Plaintiff JENNIFER RIVERA (referred to as "Plaintiff"), on behalf of

2  herself, all others similarly situated, complains and alleges as follows:

3                                    **INTRODUCTION**

4    1.    Plaintiff brings this class action against defendant WELLS FARGO BANK,

5  NATIONAL ASSOCIATION, a National Banking Association; and DOES 1 through 100,

6  inclusively (collectively referred to as "Defendants") for alleged violations of the Fair Credit

7  Reporting Act ("FCRA").

8    2.    Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer

9  and/or consumer credit reports (referred to collectively as "credit and background reports") to

10  conduct background checks on Plaintiff and other prospective, current and former employees and

11  use information from credit and background reports in connection with their hiring process without

12  providing proper disclosures and obtaining proper authorization in compliance with the law.

13    3.    Plaintiff, individually and on behalf of all others similarly situated current, former,

14  and prospective employees, seeks compensatory and punitive damages due to Defendants'

15  systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 *et seq.*

16                                      **PARTIES**

17    4.    Plaintiff JENNIFER RIVERA is, and at all relevant times mentioned herein, an

18  individual residing in the State of California.

19    5.    Plaintiff is informed and believes, and thereupon alleges that Defendant WELLS

20  FARGO BANK, NATIONAL ASSOCIATION is, and at all relevant times mentioned herein, a

21  national banking association doing business in the State of California.

22    6.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of

23  participation in the conduct alleged herein, of the defendants sued as DOES 1 through 100,

24  inclusive, but is informed and believes and thereon alleges that said defendants are legally

25  responsible for the wrongful conduct alleged herein and therefore sues these defendants by such

26  fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the

27  DOE defendants when ascertained.

28    7.    Plaintiff is informed and believes and thereon alleges that, at all relevant times

---
1
CLASS ACTION COMPLAINT

1  herein, all Defendants were the agents, employees and/or servants, masters or employers of the

2  remaining defendants, and in doing the things hereinafter alleged, were acting within the course

3  and scope of such agency or employment, and with the approval and ratification of each of the

4  other Defendants.

5        8.    Plaintiff alleges that each and every one of the acts and omissions alleged herein

6  were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees,

7  and/or under the direction and control of each of the other defendants, and that said acts and

8  failures to act were within the course and scope of said agency, employment and/or direction and

9  control.

10                    **JURISDICTION AND VENUE**

11        9.    This Court has subject matter jurisdiction to hear this case because Plaintiff is

12  informed and believes that the monetary damages and restitution sought herein for Defendants'

13  conduct exceeds the minimal jurisdictional limits of the Superior Court.

14        10.    Venue is proper in San Francisco County pursuant to Code of Civil Procedure

15  Sections 395(a) and 395.5 in that liability arose in the county because at least some of the

16  transactions that are the subject matter of this Complaint occurred therein and/or each defendant is

17  found, maintains offices, transacts business, and/or has an agent therein.

18                    **CLASS ALLEGATIONS**

19        11.    This action has been brought and may be maintained as a class action pursuant to

20  California Code of Civil Procedure § 382 because there is a well-defined community of interest

21  among the persons who comprise the readily ascertainable classes defined below and because

22  Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class

23  action.

24        12.    **Class Definitions**: The classes are defined as follows:

25      **FCRA Class:** All of Defendants' current, former and prospective applicants for
        employment in the United States who applied for a job with Defendants at any time during
26      the period for which a background check was performed beginning five years prior to the
        filing of this action and ending on the date that final judgment is entered in this action.

27

28        13.    **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

1  right to amend or modify the class definitions with greater specificity, by further division into

2  subclasses and/or by limitation to particular issues.

3       14.   **Numerosity:** The class members are so numerous that the individual joinder of each

4  individual class member is impractical.  While Plaintiff does not currently know the exact number

5  of class members, Plaintiff is informed and believes that the actual number exceeds the minimum

6  required for numerosity under California law.

7       15.   **Commonality and Predominance:** Common questions of law and fact exist as to

8  all class members and predominate over any questions which affect only individual class members.

9  These questions include, but are not limited to:

10           A.     Whether Defendants failed to comply with the requirements of 15 U.S.C

11                  7001 section 101(c)(1);

12           B.     Wherein Defendants willfully failed to provide the class with stand-alone

13                  written disclosures before obtaining a credit or background report in

14                  compliance with the statutory mandates;

15           C.     Whether Defendants willfully failed to identify the name, address, telephone

16                  number, and/or website of the investigative consumer reporting agency

17                  conducting the investigation;

18           D.     Whether Defendants willfully failed to identify the source of the credit report

19                  to be performed;

20           E.     Wherein Defendants willfully failed to comply with the FCRA.

21       16.  **Typicality:** Plaintiff's claims are typical of the other class members' claims.

22  Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a

23  lack of a policy which resulted in Defendants failing to comply with the FCRA as alleged herein.

24       17.  **Adequacy of Class Representative:** Plaintiff is an adequate class representative in

25  that she has no interests that are adverse to, or otherwise in conflict with, the interests of absent

26  class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class

27  members. Plaintiff will fairly and adequately represent and protect the interests of class members.

28       18.  **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that

1  they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

2  class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff

3  and absent class members.

4       19.   **Superiority:** A class action is vastly superior to other available means for fair and

5  efficient adjudication of class members' claims and would be beneficial to the parties and the

6  Court. Class action treatment will allow a number of similarly situated persons to simultaneously

7  and efficiently prosecute their common claims in a single forum without the unnecessary

8  duplication of effort and expense that numerous individual actions would entail. In addition, the

9  monetary amounts due to many individual class members are likely to be relatively small and

10 would thus make it difficult, if not impossible, for individual class members to both seek and

11 obtain relief. Moreover, a class action will serve an important public interest by permitting class

12 members to effectively pursue the recovery of monies owed to them. Further, a class action will

13 prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

14      **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15      20.   Plaintiff was employed by Defendant as an hourly, non-exempt employee working

16 in the State of California beginning on or about July 2015 through July 2016.

17      21.   When Plaintiff applied for employment with Defendants, Defendants performed a

18 background investigation on Plaintiff.

19      22.   Defendants did not provide legally compliant disclosure and authorization forms to

20 Plaintiff and the putative class in that they were part of a six-page online employment application

21 and a four-page offer letter which (1) did not contain any kind of proper disclosure as required

22 pursuant to the FCRA and related state laws; (2) did not contain any summary of rights required

23 pursuant to the FCRA and related state laws; and (3) did not contain any kind of proper

24 authorization to obtain a consumer report and/or investigative consumer report regarding Plaintiff.

25 ///

26 ///

27 ///

28 ///

1

**FIRST CAUSE OF ACTION**

2

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

3

**(15 U.S.C. §§ 1681b(b)(2)(A))**

4

**(By Plaintiff and the FCRA Class Against All Defendants)**

5     23.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

6     24.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

7     25.    Plaintiff and class members are "consumers" within the meaning Section 1681a(c)

8     of the FCRA, because they are "individuals."

9     26.    Section 1681a(d)(1) of the FCRA defines "consumer report" as

10          any oral, or other communication of any information by a consumer reporting
            agency bearing on a consumer's credit worthiness, credit standing, credit
11          capacity, character, general reputation, personal characteristics, or mode of
            living which is used or expected to be used or collected in whole or in part
12          for the purpose of serving as a factor in establishing the consumer's
            eligibility" for employment purposes.

13

14    Thus a credit and background report qualifies as a consumer report.

15     27.    Section 1681a(e) of the FCRA defines "investigative consumer report" as:

16          a consumer report or portion thereof in which information on a consumer's
            character, general reputation, personal characteristics, or mode of living is
17          obtained through personal interviews with neighbors, friends, or associates of
            the consumer reported on or with whom he is acquainted or who may have
18          knowledge concerning any such items of information.

19

20    Thus a credit and background report qualifies as an investigative consumer report.

21     28.    Section 1681b(b) of the FCRA provides, in relevant part:

22          Conditions for furnishing and using consumer reports for employment purposes

23          (2) Disclosure to consumer

24           (A) In general

25            Except as provided in subparagraph (B), a person may not procure a
              consumer report, or cause a consumer report to be procured, for employment
26            purposes with respect to any consumer, unless—

27              i.    *a clear and conspicuous* disclosure has been made in writing to the
                    consumer at any time before the report is procured or caused to be
28                  procured, in a document that *consists solely of the disclosure*, that a
                    consumer report may be obtained for employment purposes; and

     ii.     the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

29.     Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

30.     Because Defendant's disclosures do not meet the requirement of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy the written requirement.

31.     As described above, Plaintiff alleges, on information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

32.     The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents.

33.     Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).  The inclusion of a release and other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

34.     Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document.  For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

35.     The plain language of the statute also clearly indicates that the inclusion of a

1  liability release in a disclosure form violates the disclosure and authorization requirements of the

2  FCRA, because such a form would not consist "solely" of the disclosure. In fact, the FTC

3  expressly has warned that the FCRA notice may not include extraneous information such as a

4  release. In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes.

8      36.    In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C §

9  1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a

10  consumer's waiver of his or her rights under the FCRA."

11      37.    By including a release and other extraneous information, Defendants willfully

12  disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA.

13  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear

14  and conspicuous" and "clear and accurate," and thus violates §§ 1681b(b)(2)(A) and 1681d(a).

15      38.    Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is

16  willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of

17  applicants and employees, including Plaintiff and class members. Defendants' willful conduct is

18  reflected by, among other things, the following facts:

19          (a)    Defendants are a large corporation with access to legal advice;

20          (b)    Defendants required a purported authorization to perform credit and

21  background checks in the process of employing the class members which, although defective,

22  evidences Defendants' awareness of and willful failure to follow the governing laws concerning

23  such authorizations;

24          (c)    The plain language of the statute unambiguously indicates that inclusion of a

25  liability release and other extraneous information in a disclosure form violates the disclosure and

26  authorization requirements; and

27          (d)    The FTC's express statements, pre-dating Defendants' conduct, which state

28  that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the

1 FCRA disclosure form.

2     39.    Defendants required a liability release, in the disclosure form, along with other

3 extraneous information, that releases all parties involved from any liability and responsibility for

4 releasing information they have about the Plaintiff to Defendants.

5     40.    Based upon the facts likely to have evidentiary support after a reasonable

6 opportunity for further investigation and discovery, Plaintiff alleges that Defendants have a policy

7 and practice of procuring investigative consumer reports or causing investigative consumer reports

8 to be procured for applicants and employees without informing such applicants of their right to

9 request a summary of their rights under the FCRA at the same time as the disclosure explaining

10 that an investigative consumer report may be made. Pursuant to that policy and practice,

11 Defendants procured investigative consumer reports or caused investigative consumer reports to be

12 procured for Plaintiff and class members, as described above, without informing class members of

13 their rights to request a written summary of their rights under the FCRA.

14     41.    Accordingly, Defendants willfully violated and continue to violate the FCRA

15 including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is

16 reflected by, among other things, the facts set forth above.

17     42.    As a result of Defendants' illegal procurement of credit and background reports by

18 way of their inadequate disclosures, as set forth above, Plaintiff and class members have been

19 injured including, but not limited to, having their privacy and statutory rights invaded in violation

20 of the FCRA.

21     43.    Plaintiff, on behalf of herself and all class members, seeks all available remedies

22 pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive

23 damages, injunctive and equitable relief and attorneys' fees and costs.

24     44.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff

25 alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C.

26 § 1681o, including actual damages and attorneys' fees and costs.

27 ///

28 ///

## SECOND CAUSE OF ACTION

### FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF FCRA

### (15 U.S.C. § 1681d(a)(1) and 1681g(c))

### (By Plaintiff and the FCRA Class Against All Defendants)

45.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

46.     Section 1681d provides:

(a) Disclosure of fact of preparation

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless--

(1) it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure;

(A) is *made in a writing mailed, or otherwise delivered*, to the consumer, not later than three days after the date on which the report was first requested, and

(B) *includes a statement informing the consumer of his right to request the additional disclosures* provided for under subsection (b) of this section *and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title; and

(2) the person certifies or has certified to the consumer reporting agency that--

(A) the person has made the disclosures to the consumer required by paragraph (1); and

(B) the person will comply with subsection (b) of this section.

(Emphasis Added.)

(b) Disclosure on request of nature and scope of investigation

Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1) of this section (a)(1) of this section, make a *complete and accurate disclosure of the nature and scope of the investigation requested*; (Emphasis Added). This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

47.     As alleged previously, because Defendants' disclosures do not meet the requirement of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy the written requirement.

9

48.    Moreover, even if Defendant's disclosures are deemed to satisfy Section 101(c)(1), Defendant did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the consumer of the right to have the person who procured the report provide a complete and accurate disclosure of the nature and scope of the investigation requested.

49.    Section 1681g(c) further provides summary of rights to obtain and dispute information in consumer reports and to obtain credit scores as:

(1)  Commission summary of rights required

(A)  In general

The Commission shall prepare a ***model summary of the rights*** of consumers under this subchapter.

(B)  Content of summary

The summary of rights prepared under subparagraph (A) shall include a description of–

(i)  the ***right of a consumer to obtain a copy of a consumer report*** under subsection (a) of this section from each consumer reporting agency;

(ii) the ***frequency and circumstances under which a consumer is entitled to receive a consumer report without charge*** under section 1681j of this title;

(iii) the right of a consumer to ***dispute information*** in the file of the consumer under section 1681i of this title;

(iv) ***the right of a consumer to obtain a credit score*** from a consumer reporting agency, and a description of how to obtain a credit score;

(v) the ***method by which a consumer can contact, and obtain a consumer report from***, a consumer reporting agency ***without charge***, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

(vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title;

(Emphasis Added).

50.    Defendant did not comply with 1681g(c)(1)(B)(i) because the disclosure did not state the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

51.    Defendant did not comply with 1681g(c)(1)(B)(ii) because the disclosure did not

1  state the  frequency and circumstances under which a consumer is entitled to receive a consumer

2  report without charge.

3       52.    Defendant did not comply with 1681g(c)(1)(B)(iii) because the disclosure did not

4  state the right of a consumer to dispute information in the file of the consumer.

5       53.    Defendant did not comply with 1681g(c)(1)(B)(iv) because the disclosure did not

6  state the right of a consumer to obtain a credit score from a consumer reporting agency and a

7  description of how to obtain a credit score.

8       54.    Defendant did not comply with 1681g(c)(1)(B)(v) because the disclosure did not

9  state the method by which a consumer can contact, and obtain a consumer report from, a consumer

10  reporting agency without charge.

11      55.    Defendant did not comply with 1681g(c)(1)(B)(vi) because the disclosure did not

12  state the method by which a consumer can contact, and obtain a consumer report from, a consumer

13  reporting agency described in section 1681a(w) of this title, as provided in the regulations of the

14  Bureau prescribed under section 1681j(a)(1)(C) of this title.

15                    **THIRD CAUSE OF ACTION**

16                    **UNFAIR COMPETITION**

17              **(Bus. & Prof. Code §§ 17200, *et seq.*)**

18                 **(By Plaintiff and FCRA Class)**

19      56.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

20  herein.

21      57.    Business and Professions Code section 17200 defines "unfair competition" to

22  include any unlawful business practice.

23      58.    Business and Professions Code sections 17203–17204 allow a person who has

24  lost money or property as a result of unfair competition to bring a class action in accordance with

25  Code of Civil Procedure section 382 to recover money or property that may have been acquired

26  from similarly situated persons by means of unfair competition.

27      59.    Federal laws require certain disclosures and proper authorization before conducting

28  background checks and obtaining information from credit and background reports in connection

1   with a hiring process.

2       60.     Plaintiff and the **FCRA Class** re-alleges and incorporates by reference the FIRST

3   and SECOND causes of action herein.

4       61.     Plaintiff lost money or property as a result of the aforementioned unfair

5   competition.

6       62.     Defendants have, or may have, acquired money by means of unfair competition.

7       63.     Defendants have violated Federal laws through their policies and practices of, *inter*

8   *alia*, routinely acquiring consumer, investigative consumer and/or consumer credit reports (referred

9   to collectively as "credit and background reports") to conduct background checks on Plaintiff and

10  other prospective, current and former employees and use information from credit and background

11  reports in connection with their hiring process without providing proper disclosures and obtaining

12  proper authorization in compliance with the law.

13      64.     The unlawful conduct of Defendants alleged herein amounts to and constitutes

14  unfair competition within the meaning of Business and Professions Code sections 17200, *et seq.*

15  Business and Professions Code section 17200, *et seq.*, protects against unfair competition and

16  allows a person who has suffered an injury-in-fact and has lost money or property as a result of an

17  unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf

18  of other similarly situated persons in a class action proceeding.

19      65.     Plaintiff is informed and believes that other similarly situated persons have been

20  subject to the same unlawful policies or practices of Defendants.

21      66.     Due to its unfair and unlawful business practices in violation of Federal laws as

22  alleged herein, Defendants have gained a competitive advantage over other comparable companies

23  doing business in the State of California that comply with their legal obligations.

24      67.     Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

25  herself and the other members of the **FCRA Class**, seeks declaratory relief and restitution of all

26  monies rightfully belonging to them that Defendants did not pay them or otherwise retained by

27  means of its unlawful and unfair business practices.

28      68.     California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

1  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

2  violates or is considered unlawful under any other state or federal law.

3       69.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

4  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

5  Defendants, and each of them, and their agents and employees, from further violations of the

6  FCRA; and upon a final hearing seek an order permanently enjoining Defendants, and each of

7  them, and their respective agents and employees, from further violations of the FCRA.

8       70.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine

9  and/or the common fund doctrine, Plaintiff and the other members of the **FCRA Class** are entitled

10  to recover reasonable attorneys' fees in connection with their unfair competition claims.

11  **PRAYER FOR RELIEF**

12      WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for

13  relief and judgment against Defendants as follows:

14         A.    An order that the action be certified as a class action;

15         B.    An order that Plaintiff be appointed class representative;

16         C.    An order that counsel for Plaintiff be appointed class counsel;

17         D.    Statutory penalties;

18         E.    Civil penalties;

19         F.    Punitive damages;

20         G.    Injunctive relief;

21         H.    Costs of suit;

22         I.    Interest;

23         J.    Restitution;

24         K.    Reasonable attorneys' fees; and

25         L.    Such other relief as the Court deems just and proper.

26  ///

27  ///

28  ///

1    **DEMAND FOR JURY TRIAL**

2        Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial

3    on all issues so triable.

4

5    Dated:  October 24, 2017              SETAREH LAW GROUP

6

7    

8                                SHAUN SETAREH

9                                Attorneys for Plaintiff
                            JENNIFER RIVERA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "B"

# EXHIBIT "B"

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Shaun Setareh (SBN 204514) <br> SETAREH LAW GROUP <br> 9454 Wilshire Boulevard, Suite 907 <br> Beverly Hills, California 90212 <br> TELEPHONE NO.: (310) 888-7771   FAX NO.: (310) 888-0109 <br> ATTORNEY FOR *(Name):* Jennifer Rivera | **FOR COURT USE ONLY** <br><br> **FILED** <br> San Francisco County Superior Court <br><br> OCT 2 7 2017 <br><br> CLERK OF THE COURT <br> BY _Chalene Johns_ <br> Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Rivera v. Wells Fargo Bank, National Association

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✔ **Unlimited** <br> (Amount <br> demanded <br> exceeds $25,000) | **Limited** <br> (Amount <br> demanded is <br> $25,000 or less) | ☐ **Counter** ☐ **Joinder** <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | **CGC-17-562174** <br><br> JUDGE: <br><br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation <br> (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) <br> ☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06) <br> ☐ Rule 3.740 collections (09) <br> ☐ Other collections (09) <br> ☐ Insurance coverage (18) <br> ☐ Other contract (37) | ☐ Antitrust/Trade regulation (03) <br> ☐ Construction defect (10) <br> ☐ Mass tort (40) <br> ☐ Securities litigation (28) <br> ☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** <br> ☐ Asbestos (04) <br> ☐ Product liability (24) <br> ☐ Medical malpractice (45) <br> ☐ Other PI/PD/WD (23) | **Real Property** <br> ☐ Eminent domain/Inverse condemnation (14) <br> ☐ Wrongful eviction (33) <br> ☐ Other real property (26) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) <br> **Enforcement of Judgment** <br> ☐ Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort** <br> ☐ Business tort/unfair business practice (07) <br> ☐ Civil rights (08) <br> ☐ Defamation (13) <br> ☐ Fraud (16) <br> ☐ Intellectual property (19) <br> ☐ Professional negligence (25) <br> ☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer** <br> ☐ Commercial (31) <br> ☐ Residential (32) <br> ☐ Drugs (38) <br> **Judicial Review** <br> ☐ Asset forfeiture (05) <br> ☐ Petition re: arbitration award (11) <br> ☐ Writ of mandate (02) <br> ☐ Other judicial review (39) | **Miscellaneous Civil Complaint** <br> ☐ RICO (27) <br> ☐ Other complaint *(not specified above)* (42) <br> **Miscellaneous Civil Petition** <br> ☐ Partnership and corporate governance (21) <br> ☐ Other petition *(not specified above)* (43) |
| **Employment** <br> ☐ Wrongful termination (36) <br> ✔ Other employment (15) | | |

2. This case ✔ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ✔ Large number of separately represented parties   d. ✔ Large number of witnesses
   b. ✔ Extensive motion practice raising difficult or novel   e. ✔ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve     in other counties, states, or countries, or in a federal court
   c. ✔ Substantial amount of documentary evidence   f. ✔ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary   b. ✔ nonmonetary; declaratory or injunctive relief   c. ✔ punitive
4. Number of causes of action *(specify):*  Three
5. This case ✔ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 24, 2017
Shaun Setareh, Esq.                               BY FAX
_____(TYPE OR PRINT NAME)_____               ONE LEGAL LLC
                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
   Auto (22)–Personal Injury/Property
      Damage/Wrongful Death
   Uninsured Motorist (46) *(if the
      case involves an uninsured
      motorist claim subject to
      arbitration, check this item
      instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
         Wrongful Death
   Product Liability *(not asbestos or
      toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice–
         Physicians & Surgeons
      Other Professional Health Care
         Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip
         and fall)
      Intentional Bodily Injury/PD/WD
         (e.g., assault, vandalism)
      Intentional Infliction of
         Emotional Distress
      Negligent Infliction of
         Emotional Distress
      Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business
      Practice (07)
   Civil Rights (e.g., discrimination,
      false arrest) *(not civil
      harassment)* (08)
   Defamation (e.g., slander, libel)
      (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
         *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)
**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease
         Contract *(not unlawful detainer
            or wrongful eviction)*
      Contract/Warranty Breach–Seller
         Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/
         Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections
         Case
   Insurance Coverage *(not provisionally
      complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute
**Real Property**
   Eminent Domain/Inverse
      Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent
         domain, landlord/tenant, or
         foreclosure)*
**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential)*
**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
         Case Matter
      Writ–Other Limited Court Case
         Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
         Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims
      *(arising from provisionally complex
      case type listed above)* (41)
**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of
         County)
      Confession of Judgment *(non-
         domestic relations)*
      Sister State Judgment
      Administrative Agency Award
         *(not unpaid taxes)*
      Petition/Certification of Entry of
         Judgment on Unpaid Taxes
      Other Enforcement of Judgment
         Case
**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified
      above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-
         harassment)*
      Mechanics Lien
      Other Commercial Complaint
         Case *(non-tort/non-complex)*
      Other Civil Complaint
         *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
   Partnership and Corporate
      Governance (21)
   Other Petition *(not specified
      above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
         Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late
         Claim
      Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT "C"

# EXHIBIT "C"

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, 204514<br>Law Office of Shaun Setareh<br>9454 Wilshire Blvd., Suite 907<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 888-7771<br>ATTORNEY FOR *(Name)*: Plaintiff | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**11/06/2017**<br>**Clerk of the Court**<br>BY:NEYL WEBB<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, San Francisco County |
| 400 McAllister Street |
| San Francisco, CA 94102 |

| PLAINTIFF/PETITIONER: Jennifer Rivera | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank, National Association, et al. | CGC-17-562174 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Wells Fargo FCRA |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of:   Complaint, Summons, Civil Case Cover Sheet, Notice of CMC, Application for Complex, ADR Packet

3. a. Party served:  Wells Fargo Bank, National Association, a National Banking Association

   b. Person Served: Kaitlyn Williams - CSC - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 N Gateway Oaks Dr, Ste 150
   Sacramento, CA 95833

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 11/03/2017          (2) at  (time): 2:02PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Wells Fargo Bank, National Association, a National Banking Association
   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:            Christine E. Martin
   b. Address:         One Legal - 194-Marin
                       504 Redwood Blvd #223
                       Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 39.95
   e I am:
      (3) registered California process server.
          (i)  Employee or independent contractor.
          (ii) Registration No.: 2014-11
          (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  11/03/2017

Christine E. Martin
(NAME OF PERSON WHO SERVED PAPERS)                           (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 11496834

EXHIBIT "D"

# EXHIBIT "D"

CASE NUMBER: CGC-17-562174  JENNIFER RIVERA VS. WELLS FARGO BANK, NATIONAL A

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**   **MAR-28-2018**

**TIME:**   **10:30AM**

**PLACE:**   **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

EXHIBIT "E"

# EXHIBIT "E"



**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Oct-27-2017 12:45 pm

Case Number: CGC-17-562174

Filing Date: Oct-27-2017 12:43

Filed by:  KALENE APOLONIO

Image: 06082861

APPLICATION FOR APPROVAL OF COMPLEX LITIGATION
DESIGNATION

JENNIFER RIVERA VS. WELLS FARGO BANK, NATIONAL ASSOCIATION ET AL

001C06082861

**Instructions:**
Please place this sheet on top of the document to be scanned.

1 │ Shaun Setareh (SBN 204514)
  │   shaun@setarehlaw.com
2 │ Thomas Segal (SBN 222791)
  │   thomas@setarehlaw.com
3 │ SETAREH LAW GROUP
  │ 9454 Wilshire Boulevard, Suite 907
4 │ Beverly Hills, California 90212
  │ Telephone (310) 888-7771
5 │ Facsimile (310) 888-0109

6 │ Attorneys for Plaintiff
  │ JENNIFER RIVERA

7 │

**FILED**

San Francisco County Superior Court

OCT 2 7 2017

CLERK OF THE COURT

BY _____

Deputy Clerk

8 │ SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 │ FOR THE COUNTY OF SAN FRANCISCO

10 │

11 │

12 │ JENNIFER RIVERA, on behalf of herself, all
   │ others similarly situated,

13 │

14 │              *Plaintiff,*

15 │         vs.

16 │ WELLS FARGO BANK, NATIONAL
   │ ASSOCIATION, a National Banking
17 │ Association; and DOES 1 through 100,
   │ inclusive,

18 │              *Defendants.*

Case No. **CGC - 17 - 562174**

**APPLICATION FOR APPROVAL OF
COMPLEX DESIGNATION**

19 │

20 │

**BY FAX**

ONE LEGAL LLC

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │

APPLICATION FOR APPROVAL OF COMPLEX DESIGNATION

1  TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2        Plaintiff JENNIFER RIVERA hereby applies to the court for approval of complex

3  designation pursuant to San Francisco Superior Court Local Rule 3.6.

4        In the attached Civil Case Cover Sheet, this case is being designated as a complex case

5  because at least one or more of the following boxes has been checked:

6        •  Box 2        Complex due to factors requiring exceptional judicial management;

7        •  Box 5        The action being a class action suit.

8        This case is being so designated based upon the following supporting information, including

9  without limitation, a brief description of the following factors as they pertain to this particular case:

10  (1) management of a large number of separately represented parties; (2) complexity of anticipated

11  factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve;

12  (4) management of a large number of witnesses or a substantial amount of documentary evidence;

13  (5) coordination with related actions pending in one or more courts in other counties, states or

14  countries or in a federal court; (6) whether or not certification of a putative class action will in fact

15  be pursued; and (7) substantial post-judgment judicial supervision.

16        Based on the above supporting information, there is a reasonable basis for the complex case

17  designation being made in the attached Civil Case Cover Sheet.

18        I, the undersigned counsel of record for Plaintiff, hereby certify that the above is true and

19  correct and that I make this certification subject to the applicable provisions of California Code of

20  Civil Procedure section 128.7, California Rules of Professional Conduct, Rule 5-200(B) and the San

21  Francisco County Superior Court Local Rule 3.6.

22

23  Dated: October 24, 2017            SETAREH LAW GROUP

24

25

26                            SHAUN SETAREH

27                            Attorneys for Plaintiff
                          JENNIFER RIVERA

28

1

EXHIBIT "F"

# EXHIBIT "F"

1   GLENN L. BRIGGS (SBN 174497)
    Email: gbriggs@kadingbriggs.com
2   THERESA A. KADING (SBN 211469)
    Email: tkading@kadingbriggs.com
3   CARMINE J. PEARL, II (SBN 217389)
    Email: cjpearl@kadingbriggs.com
4   KADING BRIGGS LLP
    100 Spectrum Center Drive, Suite 800
5   Irvine, California 92618
    Telephone: (949) 450-8040
6   Facsimile: (949) 450-8033

7   Attorneys for Defendant
8   WELLS FARGO BANK, N.A.

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN FRANCISCO

11

12  JENNIFER RIVERA, on behalf of          Case No. CGC-17-562174
    herself, all others similarly situated,
13                                         Assigned for all Purposes to Hon. Teri L.
              Plaintiff,                    Jackson, Dept. 610
14
         vs.                               **ANSWER OF DEFENDANT WELLS**
15                                         **FARGO BANK, N.A. TO PLAINTIFF**
    WELLS FARGO BANK, NATIONAL             **JENNIFER RIVERA'S UNVERIFIED**
16  ASSOCIATION, a National Banking        **COMPLAINT**
    Association; and DOES 1-100, inclusive,
17
18            Defendants.                   Complaint filed:     October 27, 2017

19

20

21

22

23

24

25

26

27

28

394551

1    Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), for itself and

2    no other defendant, answers the unverified Complaint ("Complaint") of Plaintiff Jennifer

3    Rivera ("Plaintiff") as follows:

4    Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant

5    denies generally and specifically each and every allegation in the Complaint. Defendant

6    further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or

7    that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or

8    omission on the part of Defendant, or any of its past or present agents, representatives, or

9    employees, acting in the course and scope of her employment.

10

11    FIRST AFFIRMATIVE DEFENSE

12    1.    The Complaint, and each and every purported cause of action

13    contained therein, fails to state facts upon which relief can be granted, and accordingly,

14    must be dismissed.

15

16    SECOND AFFIRMATIVE DEFENSE

17    2.    The Complaint, and each and every purported cause of action

18    contained therein, is barred in whole or in part by the applicable statute of limitations,

19    including but not limited to 15 U.S.C. § 1681p.

20

21    THIRD AFFIRMATIVE DEFENSE

22    3.    The Complaint, and each and every purported cause of action

23    contained therein, is not proper for treatment as a class action because, among other

24    reasons: (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff

25    cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims;

26    (d) the individualized nature of Plaintiff's claims makes class treatment inappropriate; and

27    (e) Plaintiff has not, and cannot show, that class treatment of the claims is superior to

28

394551

375827

-1-

1 | other means of adjudicating the controversy.

2

3 | FOURTH AFFIRMATIVE DEFENSE

4 | 4. Plaintiff's purported cause of action for violation of Business and

5 | Professions Code Section 17200, *et seq.* is barred because provisions of Section 17200, *et*

6 | *seq.* violate the Due Process clause of the United States Constitution.

7

8 | FIFTH AFFIRMATIVE DEFENSE

9 | 5. Plaintiff's purported cause of action for violation of Business and

10 | Professions Code Section 17200, *et seq.* is barred because Plaintiff, as a private litigant,

11 | lacks standing to bring a claim for damages under California Business and Professions

12 | Code Section 17203.

13

14 | SIXTH AFFIRMATIVE DEFENSE

15 | 6. Plaintiff's purported cause of action for violation of Business and

16 | Professions Code Section 17200, *et seq.* is barred because the alleged unlawful business

17 | practices, if any, are not unlawful.

18

19 | SEVENTH AFFIRMATIVE DEFENSE

20 | 7. Plaintiff's purported cause of action for violation of Business and

21 | Professions Code Section 17200, *et seq.* is barred because the alleged unfair business

22 | practices, if any, are not unfair within the meaning of Business and Professions Code

23 | Section 17200, *et seq.*

24

25 | EIGHTH AFFIRMATIVE DEFENSE

26 | 8. The Complaint, and each and every purported cause of action

27 | contained therein, is barred in whole or in part by the doctrine of unclean hands.

28 | -2-

394551

375827

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S COMPLAINT

1

### NINTH AFFIRMATIVE DEFENSE

2      9.      The Complaint, and each and every purported cause of action

3  contained therein, is barred in whole or in part by the doctrine of waiver.

4

5

### TENTH AFFIRMATIVE DEFENSE

6      10.      The Complaint, and each and every purported cause of action

7  contained therein, is barred in whole or in part by the doctrine of estoppel.

8

9

### ELEVENTH AFFIRMATIVE DEFENSE

10      11.      To the extent Plaintiff and/or those similarly situated, if any, have

11  entered into a release encompassing causes of action alleged in the Complaint, their

12  claims are barred by that release.

13

14

### TWELFTH AFFIRMATIVE DEFENSE

15      12.      The Complaint, and each and every purported cause of action

16  contained therein, is barred to the extent Plaintiff and those similarly situated, if any,

17  consented to any alleged activity or conduct.

18

19

### THIRTEENTH AFFIRMATIVE DEFENSE

20      13.      Plaintiff and those similarly situated, if any, have failed to mitigate

21  their damages and, to the extent of such failure, any damages awarded should be reduced

22  accordingly.

23

24

### FOURTEENTH AFFIRMATIVE DEFENSE

25      14.      To the extent Plaintiff and/or those similarly situated, if any, prove

26  that Defendant acted in violation of the Fair Credit Reporting Act, either by action or

27  omission, such action or omission was not willful or negligent, but rather was in good

394551  28

375827

-3-

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S COMPLAINT

1  faith and based upon a reasonable belief that such action or omission was not a violation

2  of the Fair Credit Reporting Act.

3

4  <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

5     15. Although Defendant denies that it has committed or has responsibility

6  for any act that could support the recovery of civil, regulatory, and/or statutory penalties

7  in this lawsuit, if and to the extent any such act or responsibility is found, recovery of such

8  penalties against Defendant is unconstitutional under numerous provisions of the United

9  States Constitution, including the excessive fines clause of the Eighth Amendment, the

10  due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment,

11  the self-incrimination clause of the Fifth Amendment, and other provisions of the United

12  States Constitution and the excessive fines clause of Section 17 of Article I, the due

13  process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of

14  Article I, and other provisions of the California Constitution.

15

16  <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

17     16. Plaintiff's claims for injunctive and other equitable relief are barred

18  because Plaintiff and those similarly situated, if any, have an adequate and complete

19  remedy at law.

20

21  <u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

22     17. The Court has no jurisdiction over the subject matter of the

23  Complaint, or parts thereof, because Plaintiff has failed to exhaust her administrative

24  remedies.

25

26  <u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

27     18. To the extent that Plaintiff purports to assert a class action, certain

28  -4-

1    members of the putative class are barred, in whole or in part, from becoming a member of

2    any purported class because of their agreement with Defendant to resolve through

3    individual arbitration all disputes arising out of their employment with Defendant.

4

5                    NINETEENTH AFFIRMATIVE DEFENSE

6            19.    Plaintiff and those similarly situated, if any, have sustained no legally

7    significant injuries, damages, or loss by reason of any act of Defendant.

8

9                    TWENTIETH AFFIRMATIVE DEFENSE

10           20.    Defendant's actions related to Plaintiff and those similarly situated, if

11   any, were compelled by laws and regulations applicable to its business activities.

12

13                   TWENTY-FIRST AFFIRMATIVE DEFENSE

14           21.    The statutory damages sought by Plaintiff and those similarly situated,

15   if any, would be disproportionate to the harm alleged, excessive, and would violate

16   Defendant's rights under the due process clauses of the United States and California

17   constitutions.

18

19                   TWENTY-SECOND AFFIRMATIVE DEFENSE

20           22.    Plaintiff and those similarly situated, if any, are not entitled to recover

21   statutory or punitive damages against Defendant because Defendant did not willfully

22   violate any provision of the Fair Credit Reporting Act.

23

24                   TWENTY-THIRD AFFIRMATIVE DEFENSE

25           23.    The claims of Plaintiff and those similarly situated, if any, under any

26   alleged sections of the Fair Credit Reporting Act are barred because those statutes are

27   unconstitutionally vague and overly broad and the manner in which Plaintiff alleges that

28

394551

375827

-5-

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S COMPLAINT

1    they apply to Defendant constitutes a violation of due process.

2

3                    TWENTY-FOURTH AFFIRMATIVE DEFENSE

4           24.    The claims of Plaintiff and those similarly situated, if any, under any

5    alleged sections of the Fair Credit Reporting Act are barred, in whole or in part, because

6    Defendant's interpretation of those laws was objectively reasonable.

7

8                    TWENTY-FIFTH AFFIRMATIVE DEFENSE

9           25.    The claims of Plaintiff and those similarly situated, if any, are barred,

10   in whole or in part, by the doctrine of preemption.

11

12                    TWENTY-SIXTH AFFIRMATIVE DEFENSE

13          26.    The claims of Plaintiff and those similarly situated, if any, are barred,

14   in whole or in part, because Defendant maintained reasonable procedures to assure

15   compliance with the requirements of the Fair Credit Reporting Act.

16

17                   TWENTY-SEVENTH AFFIRMATIVE DEFENSE

18          27.    To the extent that the claims of Plaintiff and those similarly situated, if

19   any, are determined by the Court to require a showing of negligent conduct, then those

20   claims are barred, in whole or in part, by the negligence and/or intentional conduct of

21   Plaintiff and those similarly situated, if any.

22

23                   TWENTY-EIGHTH AFFIRMATIVE DEFENSE

24          28.    Plaintiff is not entitled to recover punitive or exemplary damages

25   against Defendant because: (a) Plaintiff has failed to plead facts sufficient to support

26   allegations of malice or reckless indifference for the rights of Plaintiff or that Defendant

27   was motivated by evil motive or intent; (b) neither Defendant nor any managerial agent of

28                                        -6-

394551

375827

1   Defendant committed any alleged malicious or reckless act, authorized or ratified such an

2   act, or had advance knowledge of the unfitness, if any, of any employee or employees

3   who allegedly committed such an act, or employed any such employee or employees with

4   a reckless indifference toward the rights or safety of others; and (c) an award of punitive

5   or exemplary damages under the circumstances alleged would violate the due process

6   clauses of the United States and California constitutions.

7

8                          TWENTY-NINTH AFFIRMATIVE DEFENSE

9          29.    The Court should dismiss or abate the action as to Plaintiff and those

10   similarly situated because the Complaint involves the same parties and the same subject

11   matter as other currently pending actions.  The present Complaint should therefore be

12   dismissed or abated pursuant to California Code of Civil Procedure Section 430.10(c).

13

14                          THIRTIETH AFFIRMATIVE DEFENSE

15          30.    The Court should dismiss or abate the action pursuant to the doctrine

16   of exclusive concurrent jurisdiction because other courts have exclusive and continuing

17   jurisdiction over the claims alleged in this action.  *Plant Insulation Co. v. Fibreboard*

18   *Corp.* (1990) 224 Cal. App. 3d 781.

19

20                          THIRTY-FIRST AFFIRMATIVE DEFENSE

21          31.    The Complaint, and each and every purported cause of action

22   contained therein, is barred in whole or in part by the *de minimis* doctrine.

23

24                          THIRTY-SECOND AFFIRMATIVE DEFENSE

25          32.    The damages claimed by Plaintiff and those similarly situated, if any,

26   are barred to the extent that they are speculative in nature.

27

394551   28

375827

-7-

1

## THIRTY-THIRD AFFIRMATIVE DEFENSE

2      33.      Defendant reserves the right to assert additional affirmative defenses

3  as discovery proceeds and it becomes aware of additional facts and circumstances that

4  provide the basis for additional affirmative defenses.

5

6

7      WHEREFORE, Defendant prays for judgment as follows:

8

9      1.      That Plaintiff take nothing by reason of her Complaint;

10

11      2.      That the Complaint herein be dismissed in its entirety with prejudice,

12  and that judgment be entered for Defendant and against Plaintiff;

13

14      3.      That Defendant be awarded its reasonable costs and attorneys' fees;

15  and,

16

17      4.      For such other and further relief as the Court deems just and proper.

18

19

20  Dated:  November 30, 2017          KADING BRIGGS LLP
                                      GLENN L. BRIGGS
21                                    THERESA A. KADING
                                      CARMINE J. PEARL, II

22

23

24  By: _____
                                      CARMINE J. PEARL, II

25
                                    Attorneys for Defendant
26                                  WELLS FARGO BANK, N.A.

27

28

394551

375827

-8-

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             ) ss:
COUNTY OF ORANGE             )

I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, CA 92618.

On **November 30, 2017**, I served the foregoing document(s) described as: **ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF JENNIFER RIVERA'S UNVERIFIED COMPLAINT** on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Shaun Setareh
H. Scott Leviant
Setareh Law Group
9454 Wilshire Boulevard, Suite 907
Beverly Hills, CA 90212
T: (310) 888-7771
F: (310) 888-0109

☒    **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE:** I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated.  Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s).  I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error.  A copy of said electronic confirmation is maintained in this office.

☐    **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Kading Briggs LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by the overnight delivery carrier.

☒    **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 30, 2017**, at Irvine, California.

**Wendy Garcia**



**Confirmation #:**  21244148

**Case Title:**  JENNIFER RIVERA VS. WELLS FARGO BANK,
NATIONAL ASSOCIATION ET AL

Thank you for choosing One Legal. If you have any questions about this order, please email us at
support@onelegal.com.

## CASE INFORMATION

| | |
|---|---|
| **Court Name:** | San Francisco County, Superior Court of California |
| **Court Branch:** | San Francisco-McAllister |
| **Case Title:** | JENNIFER RIVERA VS. WELLS FARGO BANK, NATIONAL ASSOCIATION ET AL |
| **Case Category:** | General Civil |
| **Case Type:** | Other Non Exempt Complaints |
| **Case #:** | CGC-17-562174 |

## ORDER DETAILS

| | |
|---|---|
| **Order Type:** | eFiling |
| **Filing order #:** | 11558101 |
| **Date/Time Submitted:** | 11/30/2017 5:14 PM PT |
| **Client Billing Code:** | WFB/JRivera |
| **Contact Name:** | Wendy Garcia |
| **Attorney Name:** | Carmine Pearl, II |
| **Email Notification:** | Contact |

## DOCUMENTS

| Document Type | Document Title | Pages Uploaded |
|---|---|---|
| Answer (Original) | Answer of Defendant Wells Fargo Bank, N.A. to Plaintiff Jennifer Rivera's Unverified Complaint | 10 |

Copyright © 2017 One Legal LLC • www.onelegal.com

Copyright © 2017 One Legal LLC • www.onelegal.com

EXHIBIT "G"

# EXHIBIT "G"

GLENN L. BRIGGS (SBN 174497)
Email: gbriggs@kadingbriggs.com
THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
CARMINE J. PEARL, II (SBN 217389)
Email: cjpearl@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JENNIFER RIVERA, on behalf of herself, all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, a National Banking Association; and DOES 1-100, inclusive,<br><br>　　　　　Defendants. | Case No. CGC-17-562174<br><br>Assigned for all Purposes to Hon. Teri L. Jackson, Dept. 206<br><br>**AMENDED ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF JENNIFER RIVERA'S UNVERIFIED COMPLAINT**<br><br>Complaint filed:　　October 27, 2017 |

394954

1       Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), for itself and

2   no other defendant, provides this amended answer and answers the unverified Complaint

3   ("Complaint") of Plaintiff Jennifer Rivera ("Plaintiff") as follows:

4       Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant

5   denies generally and specifically each and every allegation in the Complaint.  Defendant

6   further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or

7   that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or

8   omission on the part of Defendant, or any of its past or present agents, representatives, or

9   employees, acting in the course and scope of her employment.

10

11                  FIRST AFFIRMATIVE DEFENSE

12       1.    The Complaint, and each and every purported cause of action

13   contained therein, fails to state facts upon which relief can be granted, and accordingly,

14   must be dismissed.

15

16                SECOND AFFIRMATIVE DEFENSE

17       2.    The Complaint, and each and every purported cause of action

18   contained therein, is barred in whole or in part by the applicable statute of limitations,

19   including but not limited to California Code of Civil Procedure Sections 335.1, 337, 338,

20   339, 340, and 343, California Civil Code Sections 1785.33 and 1786.52, California

21   Business and Professions Code Section 17208, and 15 U.S.C. § 1681p.

22

23                THIRD AFFIRMATIVE DEFENSE

24       3.    The Complaint, and each and every purported cause of action

25   contained therein, is not proper for treatment as a class action because, among other

26   reasons:  (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff

27   cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims;

394954   28

AMENDED ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S COMPLAINT

1   (d) the individualized nature of Plaintiff's claims makes class treatment inappropriate; and

2   (e) Plaintiff has not, and cannot show, that class treatment of the claims is superior to

3   other means of adjudicating the controversy.

4

5   FOURTH AFFIRMATIVE DEFENSE

6       4.   Plaintiff's purported cause of action for violation of Business and

7   Professions Code Section 17200, *et seq.* is barred because provisions of Section 17200, *et*

8   *seq.* violate the Due Process clause of the United States Constitution.

9

10   FIFTH AFFIRMATIVE DEFENSE

11       5.   Plaintiff's purported cause of action for violation of Business and

12   Professions Code Section 17200, *et seq.* is barred because Plaintiff, as a private litigant,

13   lacks standing to bring a claim for damages under California Business and Professions

14   Code Section 17203.

15

16   SIXTH AFFIRMATIVE DEFENSE

17       6.   Plaintiff's purported cause of action for violation of Business and

18   Professions Code Section 17200, *et seq.* is barred because the alleged unlawful business

19   practices, if any, are not unlawful.

20

21   SEVENTH AFFIRMATIVE DEFENSE

22       7.   Plaintiff's purported cause of action for violation of Business and

23   Professions Code Section 17200, *et seq.* is barred because the alleged unfair business

24   practices, if any, are not unfair within the meaning of Business and Professions Code

25   Section 17200, *et seq.*

26

27   EIGHTH AFFIRMATIVE DEFENSE

28

394954

-2-

AMENDED ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S COMPLAINT

1           8.    The Complaint, and each and every purported cause of action

2    contained therein, is barred in whole or in part by the doctrine of unclean hands.

3

4                    NINTH AFFIRMATIVE DEFENSE

5           9.    The Complaint, and each and every purported cause of action

6    contained therein, is barred in whole or in part by the doctrine of waiver.

7

8                    TENTH AFFIRMATIVE DEFENSE

9          10.    The Complaint, and each and every purported cause of action

10   contained therein, is barred in whole or in part by the doctrine of estoppel.

11

12                   ELEVENTH AFFIRMATIVE DEFENSE

13         11.    To the extent Plaintiff and/or those similarly situated, if any, have

14   entered into a release encompassing causes of action alleged in the Complaint, their

15   claims are barred by that release.

16

17                   TWELFTH AFFIRMATIVE DEFENSE

18         12.    The Complaint, and each and every purported cause of action

19   contained therein, is barred to the extent Plaintiff and those similarly situated, if any,

20   consented to any alleged activity or conduct.

21

22                   THIRTEENTH AFFIRMATIVE DEFENSE

23         13.    Plaintiff and those similarly situated, if any, have failed to mitigate

24   their damages and, to the extent of such failure, any damages awarded should be reduced

25   accordingly.

26

27                   FOURTEENTH AFFIRMATIVE DEFENSE

                              -3-

AMENDED ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S COMPLAINT

14.     To the extent Plaintiff and/or those similarly situated, if any, prove that Defendant acted in violation of the Fair Credit Reporting Act, either by action or omission, such action or omission was not willful or negligent, but rather was in good faith and based upon a reasonable belief that such action or omission was not a violation of the Fair Credit Reporting Act.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of civil, regulatory, and/or statutory penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of such penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims for injunctive and other equitable relief are barred because Plaintiff and those similarly situated, if any, have an adequate and complete remedy at law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     The Court has no jurisdiction over the subject matter of the Complaint, or parts thereof, because Plaintiff has failed to exhaust her administrative remedies.

394954

-4-

AMENDED ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S COMPLAINT

1 <u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

2   18. To the extent that Plaintiff purports to assert a class action, certain

3 members of the putative class are barred, in whole or in part, from becoming a member of

4 any purported class because of their agreement with Defendant to resolve through

5 individual arbitration all disputes arising out of their employment with Defendant.

6

7 <u>NINETEENTH AFFIRMATIVE DEFENSE</u>

8   19. Plaintiff and those similarly situated, if any, have sustained no legally

9 significant injuries, damages, or loss by reason of any act of Defendant.

10

11 <u>TWENTIETH AFFIRMATIVE DEFENSE</u>

12   20. Defendant's actions related to Plaintiff and those similarly situated, if

13 any, were compelled by laws and regulations applicable to its business activities,

14 including but not limited to applicable laws and regulations preventing employment of

15 persons with certain criminal convictions.

16

17 <u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

18   21. The statutory damages sought by Plaintiff and those similarly situated,

19 if any, would be disproportionate to the harm alleged, excessive, and would violate

20 Defendant's rights under the due process clauses of the United States and California

21 constitutions.

22

23 <u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

24   22. Plaintiff and those similarly situated, if any, are not entitled to recover

25 statutory or punitive damages against Defendant because Defendant did not willfully

26 violate any provision of the Fair Credit Reporting Act.

27

28          -5-

394954

1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

2        23.    The claims of Plaintiff and those similarly situated, if any, under any

3 alleged sections of the Fair Credit Reporting Act are barred because those statutes are

4 unconstitutionally vague and overly broad and the manner in which Plaintiff alleges that

5 they apply to Defendant constitutes a violation of due process.

6

7

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

8        24.    The claims of Plaintiff and those similarly situated, if any, under any

9 alleged sections of the Fair Credit Reporting Act are barred, in whole or in part, because

10 Defendant's interpretation of those laws was objectively reasonable.

11

12

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

13        25.    The claims of Plaintiff and those similarly situated, if any, are barred,

14 in whole or in part, by the doctrine of preemption.

15

16

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

17        26.    The claims of Plaintiff and those similarly situated, if any, are barred,

18 in whole or in part, because Defendant maintained reasonable procedures to assure

19 compliance with the requirements of the Fair Credit Reporting Act.

20

21

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

22        27.    To the extent that the claims of Plaintiff and those similarly situated, if

23 any, are determined by the Court to require a showing of negligent conduct, then those

24 claims are barred, in whole or in part, by the negligence and/or intentional conduct of

25 Plaintiff and those similarly situated, if any.

26

27

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28

-6-

AMENDED ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S COMPLAINT

1      28.    Plaintiff is not entitled to recover punitive or exemplary damages

2  against Defendant because: (a) Plaintiff has failed to plead facts sufficient to support

3  allegations of malice or reckless indifference for the rights of Plaintiff or that Defendant

4  was motivated by evil motive or intent; (b) neither Defendant nor any managerial agent of

5  Defendant committed any alleged malicious or reckless act, authorized or ratified such an

6  act, or had advance knowledge of the unfitness, if any, of any employee or employees

7  who allegedly committed such an act, or employed any such employee or employees with

8  a reckless indifference toward the rights or safety of others; and (c) an award of punitive

9  or exemplary damages under the circumstances alleged would violate the due process

10  clauses of the United States and California constitutions.

12                TWENTY-NINTH AFFIRMATIVE DEFENSE

13      29.    The Court should dismiss or abate the action as to Plaintiff and those

14  similarly situated because the Complaint involves the same parties and the same subject

15  matter as other currently pending actions.  The present Complaint should therefore be

16  dismissed or abated pursuant to California Code of Civil Procedure Section 430.10(c).

18                THIRTIETH AFFIRMATIVE DEFENSE

19      30.    The Court should dismiss or abate the action pursuant to the doctrine

20  of exclusive concurrent jurisdiction because other courts have exclusive and continuing

21  jurisdiction over the claims alleged in this action. *Plant Insulation Co. v. Fibreboard*

22  *Corp.* (1990) 224 Cal. App. 3d 781.

24                THIRTY-FIRST AFFIRMATIVE DEFENSE

25      31.    The Complaint, and each and every purported cause of action

26  contained therein, is barred in whole or in part by the *de minimis* doctrine.

-7-

1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

2        32.     The damages claimed by Plaintiff and those similarly situated, if any,

3    are barred to the extent that they are speculative in nature.

4

5

## THIRTY-THIRD AFFIRMATIVE DEFENSE

6        33.     The claims of Plaintiff and those similarly situated, if any, are barred,

7    in whole or in part, because Plaintiff and those similarly situated, if any, lack standing to

8    assert any or all of the causes of action and requests for damages alleged in the Complaint.

9

10

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

11       34.     The Pre-Employment/Security Screening procured from the third

12   party service by Defendant did not constitute "consumer reports" as defined by the FCRA.

13

14

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

15       35.     Defendant denies that any causal connection exists between any

16   alleged action by Defendant and nay damages or injuries, the existence of which

17   Defendant denies, allegedly suffered by Plaintiffs or those similarly situated, if any.

18

19

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

20       36.     Defendant reserves the right to assert additional affirmative defenses

21   as discovery proceeds and it becomes aware of additional facts and circumstances that

22   provide the basis for additional affirmative defenses.

23

24       WHEREFORE, Defendant prays for judgment as follows:

25

26       1.      That Plaintiff take nothing by reason of her Complaint;

27

394954   28                                      -8-

AMENDED ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S COMPLAINT

1           2.      That the Complaint herein be dismissed in its entirety with prejudice,

2 and that judgment be entered for Defendant and against Plaintiff;

3           3.      That Defendant be awarded its reasonable costs and attorneys' fees;

4 and,

5

6           4.      For such other and further relief as the Court deems just and proper.

7

8 Dated:  December 1, 2017      KADING BRIGGS LLP
                              GLENN L. BRIGGS

9                               THERESA A. KADING
                              CARMINE J. PEARL, II

10

11

12                     By: _____

13                               CARMINE J. PEARL, II

14                     Attorneys for Defendant
                    WELLS FARGO BANK, N.A.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

394954

AMENDED ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S COMPLAINT

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA      )
                                                ) ss:
3      COUNTY OF ORANGE            )

4          I am employed in the County of Orange, State of California. I am over the age of 18, and
not a party to the within action. My business address is Kading Briggs LLP, 100 Spectrum
5      Center Drive, Suite 800, Irvine, CA 92618.

6          On **December 1, 2017**, I served the foregoing document(s) described as: **AMENDED
ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF JENNIFER
7      RIVERA'S UNVERIFIED COMPLAINT** on the interested parties by placing a true and
correct copy thereof in a sealed envelope(s) addressed as follows:

8
Shaun Setareh
9      H. Scott Leviant
Setareh Law Group
10      9454 Wilshire Boulevard, Suite 907
Beverly Hills, CA 90212
11      T: (310) 888-7771
F: (310) 888-0109
12

13      ☒   **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in
the United States mail at Irvine, California. I am readily familiar with the practice of
14          Kading Briggs LLP for collection and processing correspondence for mailing. Under
that practice, it would be deposited with the United States Postal Service on that same
15          day with postage thereon fully prepaid at Irvine, California in the ordinary course of
business. I am aware that on motion of the party served, service is presumed invalid if
16          postal cancellation date or postage meter date is more than one day after date of deposit
for mailing in affidavit.

17      ☐   **BY FACSIMILE:** I caused said document(s) to be transmitted to a facsimile machine
maintained by the office of the addressee(s) at the facsimile machine number(s)
18          indicated. Said facsimile number(s) are the most recent numbers appearing on
documents filed and served by the addressee(s). I received electronic confirmation
19          from the facsimile machine that said document was successfully transmitted without
error. A copy of said electronic confirmation is maintained in this office.

20      ☐   **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Kading
Briggs LLP for the collection and processing of correspondence for overnight delivery
21          and know that the document(s) described herein will be deposited in a box or other
facility regularly maintained by the overnight delivery carrier.
22

23      ☒   **STATE:** I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.

24      Executed on **December 1, 2017**, at Irvine, California.

25

26      **Wendy Garcia**

27

28



**Confirmation #:**   21245038
**Case Title:**   JENNIFER RIVERA VS. WELLS FARGO BANK,
NATIONAL ASSOCIATION ET AL

Thank you for choosing One Legal. If you have any questions about this order, please email us at support@onelegal.com.

## CASE INFORMATION

| | |
|---|---|
| **Court Name:** | San Francisco County, Superior Court of California |
| **Court Branch:** | San Francisco-McAllister |
| **Case Title:** | JENNIFER RIVERA VS. WELLS FARGO BANK, NATIONAL ASSOCIATION ET AL |
| **Case Category:** | General Civil |
| **Case Type:** | Other Non Exempt Complaints |
| **Case #:** | CGC-17-562174 |

## ORDER DETAILS

| | |
|---|---|
| **Order Type:** | eFiling |
| **Filing order #:** | 11559193 |
| **Date/Time Submitted:** | 12/1/2017 11:05 AM PT |
| **Client Billing Code:** | WFB/JRivera |
| **Contact Name:** | Wendy Garcia |
| **Attorney Name:** | Theresa Kading |
| **Email Notification:** | Contact |

## DOCUMENTS

| Document Type | Document Title | Pages Uploaded |
|---|---|---|
| Answer (Amended) | Amended Answer of Defendant Wells Fargo Bank, N.A. to Plaintiff Jennifer Rivera's Unverified Complaint | 11 |

Copyright © 2017 One Legal LLC • www.onelegal.com

Copyright © 2017 One Legal LLC • www.onelegal.com

EXHIBIT "H"

# EXHIBIT "H"

1   GLENN L. BRIGGS (SBN 174497)
    Email: gbriggs@kadingbriggs.com
2   THERESA A. KADING (SBN 211469)
    Email: tkading@kadingbriggs.com
3   CARMINE J. PEARL, II (SBN 217389)
    Email: cjpearl@kadingbriggs.com
4   KADING BRIGGS LLP
    100 Spectrum Center Drive, Suite 800
5   Irvine, California 92618
    Telephone: (949) 450-8040
6   Facsimile: (949) 450-8033

7   Attorneys for Defendant
    WELLS FARGO BANK, N.A.

8

9

10

11                  SUPERIOR COURT FOR THE STATE OF CALIFORNIA

12                              COUNTY OF SAN FRANCISCO

13

14   JENNIFER RIVERA, on behalf of       Case No. CGC-17-562174
     herself, all others similarly situated,
15                                         Assigned for all Purposes to Hon. Teri L.
                  Plaintiff,               Jackson, Dept. 206
16
            vs.                            **NOTICE TO ADVERSE PARTY OF
17                                         WELLS FARGO BANK, N.A.'S
     WELLS FARGO BANK, NATIONAL            REMOVAL OF THE CIVIL ACTION TO
18   ASSOCIATION, a National Banking       THE UNITED STATES DISTRICT
     Association; and DOES 1-100, inclusive, COURT UNDER 28 U.S.C. SECTIONS
19                                         1331 (FEDERAL QUESTION), 1367(a),
                  Defendants.              AND 1441(a), (c)**
20
21                                         Complaint filed:   October 27, 2017

22

23

24

25

26

27

28

1    TO PLAINTIFF JENNIFER RIVERA THROUGH HER ATTORNEYS OF RECORD,

2    SETARH LAW GROUP:

3

4            PLEASE TAKE NOTICE THAT a Notice of Removal of this action was

5    filed in the United States District Court for the Northern District of California on

6    December 1, 2017.  A copy of said Notice of Removal and supporting exhibits are

7    attached to this Notice and are served and filed herewith.

8

9    DATED: December 1, 2017            KADING BRIGGS LLP
                                        GLENN L. BRIGGS
10                                      THERESA A. KADING
                                        CARMINE J. PEARL, II
11

12

13

14   By: _____
                                        CARMINE J. PEARL, II
15
                                        Attorneys for Defendant
16                                      WELLS FARGO BANK, N.A.

17

18

19

20

21

22

23

24

25

26

27

28

-1-

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

EXHIBIT "I

EXHIBIT "I"

1   GLENN L. BRIGGS (SBN 174497)
    Email: gbriggs@kadingbriggs.com
2   THERESA A. KADING (SBN 211469)
    Email: tkading@kadingbriggs.com
3   CARMINE J. PEARL, II (SBN 217389)
    Email: cjpearl@kadingbriggs.com
4   KADING BRIGGS LLP
    100 Spectrum Center Drive, Suite 800
5   Irvine, California 92618
    Telephone: (949) 450-8040
6   Facsimile: (949) 450-8033

7   Attorneys for Defendant
    WELLS FARGO BANK, N.A.

8

9

10

11              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

12                     COUNTY OF SAN FRANCISCO

13

| | |
|---|---|
| 14   JENNIFER RIVERA, on behalf of herself, all others similarly situated, | Case No. CGC-17-562174 |
| 15 | Assigned for all Purposes to Hon. Teri L. Jackson, Dept. 206 |
| 16            Plaintiff, | |
| 17        vs. | **NOTICE TO STATE COURT OF WELLS FARGO BANK, N.A.'S REMOVAL OF** |
| 18   WELLS FARGO BANK, NATIONAL ASSOCIATION, a National Banking | **THE CIVIL ACTION TO THE UNITED STATES DISTRICT COURT UNDER 28** |
| 19   Association; and DOES 1-100, inclusive, | **U.S.C. SECTIONS 1331 (FEDERAL QUESTION), 1367(a), AND 1441(a), (c)** |
| 20            Defendants. | |
| 21 | Complaint filed:   October 27, 2017 |

22

23

24

25

26

27

28

394488

1    TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SAN

2    FRANCISCO:

3

4         Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse

5    Party of Removal of this action to the United States District Court for the Northern

6    District of California.  The original Notice of Removal of Civil Action to the United

7    States District Court was filed with the United States District Court for the Northern

8    District of California with the attached exhibits on December 1, 2017.

9

10        The filing of said Notice of Removal effects the removal of the above-entitled

11   action from this Court.

12

13   DATED: December 1, 2017          KADING BRIGGS LLP
                                      GLENN L. BRIGGS
14                                    THERESA A. KADING
                                      CARMINE J. PEARL, II
15

16

17

18                                    By: _____
                                           CARMINE J. PEARL, II
19

20                                    Attorneys for Defendant
                                      WELLS FARGO BANK, N.A.

21

22

23

24

25

26

27

28

394488                                          -1-

NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT